**CAPITAL FACTORS, INC., a Florida corporation, Plaintiff,**

v.

**HELLER FINANCIAL, INC., a Delaware corporation, Defendant.**

**No. 88–737–Civ–EPS.**

United States District Court, S.D. Florida, Miami Division.

April 28, 1989.

909

Michael W. Ullman, Miami, Fla., for plaintiff.

Jesse C. Jones, Miami, Fla., for defendant.

MEMORANDUM OPINION

SPELLMAN, District Judge.

ORDER ADOPTING AND AFFIRMING MAGISTRATE'S RECOMMENDATION

THIS CAUSE comes before the Court upon the Defendant's, HELLER FINAN-

CIAL, INC., Motion to Dismiss the Second Amended Complaint, filed with this Court on August 11, 1988. The Court referred this matter to Magistrate Linnea R. Johnson for a Report and Recommendation on the issues presented, pursuant to 28 U.S.C.A. Section 636(b). Upon reviewing the Motion to Dismiss and the response thereto, the Magistrate issued a Report and Recommendation on November 23, 1988, wherein she made the following recommendations to this Court:

1. DENY Defendant's Motion to Dismiss Counts II and III for Failure to Comply with Fed.R.Civ.P. 10(b);

2. DENY Defendant's Motion to Dismiss Counts II and III For Failure to Allege Fraud with Particularity as required under Fed.R.Civ.P. 9(b);

3. DENY Defendant's Motion to Dismiss Count II for Failure to State a Claim for Fraudulent Concealment/Non-Disclosure;

4. DENY Defendant's Motion to Dismiss Counts II and III as the Allegations Contained Within the Complaint are "Incurably Repugnant to its Exhibit";

5. DENY Defendant's Motion to Dismiss Counts II and III for Failure to Allege an Independent Tort to Support the Fraud Claims;

6. DENY Defendant's Motion to Dismiss Count VII for Failure to State a Claim for an Accounting;

7. DENY Defendant's Motion to Strike Request for Punitive Damages;

8. DENY Defendant's Motion to Strike Request for Attorney's Fees;

9. GRANT Defendant's Motion to Dismiss Counts V and VI for Failure to State a Claim for Rescission, with leave to amend.

In response to the Magistrate's Report and Recommendation, the Defendant filed objections thereto. After a *de novo* review of this matter, it is the opinion of this Court that the Magistrate's Report and Recommendation should be ADOPTED AND AFFIRMED.

### Facts

Plaintiff, CAPITAL FACTORS, INC., ("CAPITAL FACTORS") and Defendant, HELLER FINANCIAL, INC., ("HELLER") were competitors in the factoring business. Merchants Trading, Inc., ("Merchants"), not a party to this action, was a customer of HELLER's for whom HELLER factored accounts receivable.[1]

Plaintiff's Second Amended Complaint alleges that on an undisclosed date, CAPITAL FACTORS agreed with Merchants, while Merchants was still a customer of HELLER, to factor Merchant's account receivable. The agreement was "contingent upon HELLER's willingness to terminate its agreement with Merchants." Pursuant to the agreement, Merchants executed and delivered to CAPITAL FACTORS a letter which indemnified CAPITAL FACTORS, and authorized HELLER to transfer Merchant's credit balances and other assets to CAPITAL FACTORS. CAPITAL FACTORS then sent an indemnification letter to HELLER. The letter's stated purpose was to induce HELLER to terminate its factoring agreement with Merchants as of May 22, 1986, and to induce HELLER to limit its security interest in Merchant's accounts receivable.

In exchange for HELLER's acceptance of the agreement, CAPITAL FACTORS agreed, among other things, to pay to HELLER "all amounts relating to accounts receivable factored by Heller on or prior to the termination date." HELLER signed the Indemnity Agreement provided by CAPITAL FACTORS.

Significantly, the Indemnity Agreement contained the following provision:

3. This agreement is entered into by us [CAPITAL FACTORS] in reliance upon your [HELLER] representations to us that to your knowledge as of May 22, 1986; (a) outstanding accounts receivable

---

1. Factoring is a process by which a seller acquires accounts receivable from the sale of goods or services. Instead of retaining these accounts receivable until paid by the purchaser, the seller can obtain cash for them by selling, assigning, or borrowing against his accounts receivable. Companies, like Heller and Capital, extend cash on the basis of accounts receivables to companies like Merchants.

total approximately $2,467,059.00; (b) of these accounts, approximately $813,-811.00 are with full recourse to the company;.... In addition you have further represented to us that to your (other than for discounts permitted by the payment terms of these accounts receivable) all disputes, claims, defenses, offsets or counterclaims which exist with respect to the outstanding accounts are routine in nature, do not in any one instance involve more than $366,789.00, and do not exceed $366,941.00 in aggregate,....

This provision forms the essential basis of CAPITAL FACTORS' claims. Accordingly, CAPITAL FACTORS has asserted the following claims against HELLER:

1. Unjust Enrichment (First Claim);
2. Failure to disclose material information with respect to Merchant's factoring of spurious, fallacious, or illegitimate invoices (Second Claim);
3. Misrepresentation (Third Claim);
4. Breach of Contract/Warranty (Fourth Claim);
5. Rescission and Restitution based upon HELLER'S misrepresentation (Fifth Claim);
6. Rescission and Restitution based upon mistake (Sixth Claim);
7. An accounting (Seventh Claim).

### Discussion

### Failure to Comply with Fed.R.Civ.P. 10(b)

In support of its Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint, the Defendant maintains that, pursuant to Fed.R.Civ.P. 10(b), this Court should dismiss the aforementioned counts as the Plaintiff has failed to set out each claim under a separate count. Fed.R.Civ.P. 10(b) provides that "each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count" whenever separation facilities clarification of the matters alleged. (emphasis provided) Counts II and III of Plaintiff's Second Amended Complaint allege fraud in connection with two agree-

ments, the Indemnity Agreement and the Factoring Agreement. The Defendant maintains that the Indemnity Agreement between CAPITAL FACTORS and HELLER is a totally separate transaction from the Factoring Agreement between CAPITAL FACTORS and Merchants. Therefore, they have been improperly grouped together.

In her Report and Recommendation, Magistrate Johnson held that separation under Rule 10(b) was not required because Counts II and III are based upon the same transaction. That is, the underlying facts pled in Counts II and III involve a continuous series of events that are based upon one transaction—that transaction being the Defendant's alleged fraudulent non-disclosure or misrepresentation. Upon review of this matter, this Court finds, in accordance with the Magistrate, that Counts II and III need not be separated into distinct claims as they are based upon the same transaction.

Separation, under Fed.R.Civ.P. 10(b), is discretionary and unnecessary if the claims arise from the same actions or underlying circumstances. *Bazal v. Belford Trucking Co., Inc.*, 442 F.Supp. 1089, 1098 (S.D.Fla.1977). In the instant case, Plaintiff's claim for fraudulent non-disclosure in Count II arises out of the same nucleus of operative facts as the fraud claim in Count III. Accordingly, there is no need to separate Counts II and III in order to clarify Plaintiff's claims.

### Failure to Allege Fraud with Particularity

In support of its Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint, the Defendant maintains that, pursuant to Fed.R.Civ.P. 9(b), this Court must dismiss Counts II and III for failure to state the elements of fraud with particularity. Fed.R.Civ.P. 9(b) requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.[2] The elements that must be pled in order to present a prima facie case of fraud include: (1) a false representation of

**2.** In *Friedlander v. Nims*, 755 F.2d 810 (11th    Cir.1985), the Eleventh Circuit stated that the

material fact with knowledge of the representation's falsity, or a negligent representation without reasonable basis; (2) intent to induce action in reliance thereon; and (3) damage resulting from justifiable reliance. *Matter of Jesto Industries, Inc. v. Slayton*, 26 B.R. 967 (M.D.Fla.1983).

Upon review of Plaintiff's Second Amended Complaint in light of the Defendant's Motion to Dismiss, Magistrate Johnson concluded that the Complaint states "sufficient details of the alleged fraud to enable Defendant to frame an adequate response" and, therefore, Plaintiff has met the requirements of Fed.R.Civ.P. 9(b) and 8(a).

■■■ This Court finds, in accordance with the Magistrate's Report and Recommendation, that Defendant's Motion to Dismiss Counts II and III should be denied. Plaintiff has established a prima facie case of fraud, and has pled the requisite elements of fraud with sufficient particularity.[3] Accordingly, this Court hereby concludes that Plaintiff's allegations of fraud have been pled with sufficient particularity to enable the Defendant to frame an adequate response.

### *Failure to State a Claim for Fraudulent Concealment/Non–Disclosure*

■■■ In support of its Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint, the Defendant maintains that, under Florida law, it did not have an affirmative duty to disclose to the Plaintiff that Merchants had generated fallacious invoices. Defendant contends that, under Florida law, there is no affirmative duty to disclose certain information unless:

there is a fiduciary relationship between the parties or the facts are solely within the knowledge of the representor or some trick had been employed to prevent an independent investigation by the representee.

*Finn v. Prudential–Bache Securities, Inc.,* 821 F.2d 581, 588 (11th Cir.1987)

The Defendant maintains that Plaintiff failed to allege that Defendant had sole knowledge.[4] Defendant further maintains that the facts of this case demonstrate that it did not have sole knowledge because Plaintiff knew, or was put on notice of, the status of Merchants' account through the language of the agreement.[5]

After reviewing this matter, the Magistrate concluded that Plaintiff had sufficiently alleged that Defendant had superior knowledge, and that "for purposes of the agreements," the Defendant had sole knowledge. The Magistrate further stated that the terms in the agreement were not sufficient to put Plaintiff on notice because:

intent behind Fed.R.Civ.P. 9(b) "is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." The case also pointed out that Rule 9(b) must not be interpreted to abrogate Fed.R.Civ.P. 8, and in a Motion to Dismiss a fraud claim, the objectives of Rule 9(b) should "be harmonized with the broader policy of notice pleading."

3. This Court finds that Plaintiff has presented a prima facie case of fraud as Plaintiff has disclosed the time of the alleged misrepresentation, the place and nature of the fraudulent behavior, and the identity of the parties engaged in the behavior. *Brown v. Joiner Inter., Inc.,* 523 F.Supp. 333, 335 (S.D.Ga.1981).

This Court bases its ruling upon the following facts which are contained in Plaintiff's Second Amended Complaint: First, the Second Amended Complaint alleges that Defendant allegedly knew, or should have known, by virtue of massive chargebacks from Merchant's customers to Defendant, that Merchants was generating fabri-

cated invoices. Had Defendant disclosed this information, Plaintiff would not have entered into the two agreements. Second, the Indemnity Agreement indicated that Defendant believed all disputes, claims, defenses, offsets or counterclaims which existed with respect to Merchant's accounts were routine in nature. Finally, Plaintiff sustained losses which included money advanced to Merchants pursuant to the Factoring Agreement.

4. Whether there was a fiduciary relationship between Plaintiff and Defendant or whether Defendant employed any trick to prevent Plaintiff from investigating the status of Merchants' accounts is not at issue here. The Magistrate held that the Complaint did not adequately allege either.

5. The agreement stated that 33% of the total accounts receivables were with "full recourse" and that the disputes did not, "in any one instance" involve more than 15% of the accounts receivable.

1. It is customary in the factoring industry to have accounts "at risk" and "in dispute;" and

2. The Indemnity Agreement states that HELLER: represent[s] to CAPITAL FACTORS that to [HELLERS] knowledge ... all disputes, claims, defenses, offsets or counterclaims which exist with respect to the accounts receivable are routine in nature, [and] do not exceed [the above dollar amounts].

As it is open to interpretation whether Plaintiff had the requisite knowledge, the Magistrate concluded that this was a question for the jury and therefore, denied the Defendant's Motion to Dismiss on that basis. Upon review of this matter, this Court finds in accordance with the Magistrate, that Defendant's Motion to Dismiss should be denied as there remains a question *for* the jury.

*Allegations in Plaintiff's Second Amended Complaint are "Incurably Repugnant" to its Exhibits*

█ In support of its Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint, the Defendant maintains that there is an irreconcilable inconsistency between the factual allegations in these counts and Plaintiff's indemnification letter to the Defendant. The Defendant maintains that the indemnification letter disclosed that a certain percentage of the outstanding accounts receivable were "at risk" and "in dispute." Therefore, Plaintiff was put on notice and cannot allege that Defendant breached its duty by not disclosing information regarding the bogus invoices.

The indemnification letter stated in pertinent part:

1. of the $2,276,059 in Merchants' outstanding accounts receivables, $813,811 were with "full recourse" to Merchants; and

2. there were disputed amounts in all accounts in the aggregate of $366,941. (emphasis provided).

The Defendant contends that in the factoring industry these terms mean that $813,811 dollars are "at risk" and thus, these terms were sufficient to put Plaintiff on notice that there was something wrong with Merchants' account. *Crompton–Richmond Company, Inc., v. James S. Briggs*, 560 F.2d 1195 (5th Cir.1977).

Magistrate Johnson concluded that these terms should not have been interpreted to reflect upon the genuineness of the sales. The Magistrate accepted Plaintiff's interpretation that "with full recourse to the company" meant or was intended to mean that HELLER had advanced to Merchants more than HELLER's line of credit. Therefore, Defendant did not disclose information regarding the bogus invoices and thus, there is nothing repugnant between the allegations and the indemnification letter.

Upon review of this matter, this Court finds in accordance with the Magistrate, that the aforementioned terms were insufficient to put the Plaintiff on notice that Merchants was writing bogus invoices.[6] Accordingly, the Defendant's Motion to Dismiss Counts II and III is denied.

*Failure to Allege Independent Tort*

█ In support of its Motion to Dismiss Counts II and III, the Defendant maintains that the aforementioned counts should be dismissed as Plaintiff's claim for breach of contract in Count IV is predicated upon the same facts as its claims for fraud in Counts II and III, and thus, Plaintiff has failed to allege a distinct cause of action for fraud.

Magistrate Johnson reached a different conclusion based upon her interpretation of the existing case law in Florida. Based upon *Southern Bell Telephone and Telegraph Co. v. Hanft*, 436 So.2d 40 (Fla. 1983) and *Lewis v. Guthartz*, 428 So.2d 222 (Fla.1982), the Magistrate concluded that a cause of action in contract and a cause of action in tort may be predicated upon a single allegation of facts. As such, the Plaintiff has successfully pled the elements of both breach of contract and fraud.

6. The Defendant has failed to adduce any evidence that these terms are customarily used in the industry to put parties on notice of such behavior.

Upon review of this matter, it is the opinion of this Court that the Plaintiff has successfully pled the elements of both breach of contract and fraud. Accordingly, the Defendant's Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint is denied.

### Accounting Claim

■ In its Second Amended Complaint, the Plaintiff seeks an accounting from Defendant to ascertain all invoices, documents, correspondence, and payments submitted to Defendant by Plaintiff. To receive an accounting, the Plaintiff must prove that a relationship existed between Plaintiff and Defendant. *Parliament Ins. Co. v. Hanson,* 676 F.2d 1069 (5th Cir. 1982). This relationship must be in the nature of a trust or fiduciary relationship. *Id.* Alternatively, one can receive an accounting if they can demonstrate the complicated nature of the transaction between Plaintiff and Defendant. *F.A. Chastain Construction, Inc. v. Pratt,* 146 So.2d 910 (Fla. 3d DCA 1962). In its Motion to Dismiss, the Defendant maintains that Plaintiff has failed to allege a trust or fiduciary relationship between Plaintiff and Defendant, or that the transaction was complicated, and thus, Plaintiff is not entitled to an accounting.

After reviewing this matter, the Magistrate concluded that the Plaintiff's Second Amended Complaint contained allegations sufficient to create a jury question as to whether the transactions were sufficiently complex to warrant an accounting. Upon review of this matter, this Court finds in accordance with the Magistrate, that De-

fendant's Motion to Dismiss should be denied.

### Motion to Strike Request for Punitive Damages

In addition to its Motion to Dismiss, the Defendant filed a Motion to Strike Plaintiff's request for punitive damages, contained in Counts II and III. After a review of Plaintiff's Second Amended Complaint, the Magistrate concluded that no such claims for punitive damages had been alleged. In accordance with the Magistrate, this Court finds that the Defendant's Motion to Strike was based upon the erroneous assumption that Plaintiff was requesting punitive damages. As Plaintiff has not requested the aforesaid relief, the Defendant's Motion to Strike is denied.

### Motion to Strike Request for Attorneys' Fees

■ Additionally, the Defendant filed a Motion to Strike Request for Attorneys' Fees, and therein petitioned this Court to strike Plaintiff's request for attorneys' fees, as these fees were not recoverable by statute or by contract. In disposing of this matter, the Magistrate concluded that the Defendant's Motion to Strike was untimely filed. However, even if the aforementioned motion had been timely filed, the Magistrate concluded that Plaintiff is within its right to request attorneys' fees and costs pursuant to Florida Statute Section 57.105.[7] Upon review of this matter, the Court finds in accordance with the Magistrate, and hereby denies the aforesaid motion.

---

**7.** Florida Statute Section 57.105 provides in pertinent part:

> The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he has acted in good faith, based on the representations of his client.

*See Autorico, Inc. v. Government Employees Ins. Co.,* 398 So.2d 485, 487 (Fla. 4th DCA 1981)

("The law in Florida appears clear that where a party is entitled by statute to an award of attorney's fees in an action, it is not essential, but only better practice, that the party seeking such fees plead its entitlement to same in its complaint answer. Indeed, a trial court is required to award statutory attorney's fees pursuant to proper motion upon due process notice and hearing, although said fees have not been specifically pled in the complaint or answer. [citations omitted]. This line of authority seems particularly apt when applied, as here, to a statutory attorney's fee award under Section 57.105, Florida Statutes (1979).")

*Motion to Dismiss for Failure to State a Claim for Rescission*

Defendant filed a Motion to Dismiss Plaintiff's Claim for Rescission, and therein maintains that Plaintiff is not entitled to the remedy of rescission and restitution as: (1) Plaintiff has an adequate remedy at law; (2) Plaintiff has failed to allege an action for rescission based upon fraud; and (3) an action for rescission based upon mistake is barred.

The requisite elements which must be plead to establish a prima facie case for rescission or cancellation of a contract are: (1) character or relationship of the parties; (2) contract formation; (3) existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground; (4) rescission by one party and notification thereof to the other party; (5) offer to restore any benefits received from the contract; and (6) inadequacy of a remedy at law. *Crown Ice Machine Leas. Co. v. Sams Senter Farms, Inc.*, 174 So.2d 614, 617 (Fla. 2d DCA 1965) *cert. denied*, 180 So.2d 656 (Fla.1965).

The Magistrate concluded that Plaintiff adequately pled the first, second and third elements, but failed to adequately plead elements four through six. The Magistrate found that Plaintiff adequately pled elements one and two by alleging that the parties entered into the Indemnity Agreement with CAPITAL FACTORS. The Magistrate further found that Plaintiff adequately pled the third element by alleging that it operated under an erroneous mistake of fact regarding the bogus invoices, and that Defendant possessed superior knowledge regarding the existence of these invoices.

The Plaintiff failed to adequately plead elements four through six, as it failed to allege that, upon learning of the mistake, Plaintiff either denied the contract or took a course of action to disavow the contract with reasonable promptness (Element 4). Moreover, Plaintiff failed to allege that it offered to restore any benefits received from the contract, if any, after notifying Defendant of its intent to rescind the contract (Element 5). Finally, Plaintiff's Second Amended Complaint was devoid of any allegations which demonstrated that Plaintiff lacked a remedy at law.

Upon review of this matter, this Court finds in accordance with the Magistrate, that Plaintiff has failed to adequately allege elements four through six, and as such, has failed to establish a prima facie case for rescission or cancellation of a contract. Accordingly, this Court directs Plaintiff to amend its Complaint to incorporate the aforementioned elements. Specifically, Plaintiff is directed to amend its Complaint to include an explanation as to: (1) why the available remedy at law, i.e. breach of contract, is insufficient; or (2) why the equitable remedy of rescission and restitution would prove a more adequate remedy. Upon review of the Magistrate's Report and Recommendation, the objections thereto, and the record herein, it is hereby

ORDERED AND ADJUDGED that this Court ADOPTS AND AFFIRMS said Report and Recommendation. Accordingly, Defendant's Motion to Dismiss Counts V and VI of Plaintiff's Second Amended Complaint is GRANTED, with leave to amend. This Court hereby DENIES Defendant's Motion to Dismiss the remaining counts of Plaintiff's Second Amended Complaint.

DONE AND ORDERED.