WENDY'S INTERNATIONAL, INC. and Continental Casualty Insurance Company a/s/o Wendy's International, Inc., Plaintiffs,

v.

NU–CAPE CONSTRUCTION, INC. a/k/a Nu–Cape Construction of S.W. Florida, Inc., Defendant.

No. 93–162–Civ–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

March 14, 1996.

Thomas David Higgins, Jr., Cozen & O'Connor, Philadelphia, PA, Richard M. Marchewka, Leasure, Gargano & Marchewka, P.A., Fort Myers, FL, for Wendy's International, Inc., Continental Casualty Insurance Company.

Michael Joseph Corso, Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, William B. Lehy, Thompson, Hine & Flory, Cleveland, OH, for Hobart Corporation.

George Gordon Harrison, Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Ft. Myers, FL, Bruce W. Bennett, Hinshaw & Culbertson, Tampa, FL, for E.G.O. Products, Inc.

Curtright C. Truitt, Tew & Truitt, P.A., Ft. Myers, FL, Robert Barry Burandt, Aloia, Dudley, Roosa, Sutton & McIver, Cape Coral, FL, for Nu–Cape Construction, Inc. aka Nu–Cape Construction of S.W. Florida, Inc.

Frederick Robert Hardt, Hardt & Stewart, Naples, FL, for May Electric, Inc.

### ORDER ON DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES AND PLAINTIFFS' MOTION FOR SANCTIONS

KOVACHEVICH, District Judge.

This action is before the Court on the following motions and responses:

1. Defendant Nu–Cape Construction, Inc.'s (hereinafter Nu–Cape) motion for costs and attorneys' fees and supporting memorandum of law, filed October 2, 1995. (Docket Nos. 78–79)

2. Plaintiff Wendy's International, Inc.'s (hereinafter Wendy's) memorandum in opposition to Nu–Cape's motion for costs and attorneys' fees, filed October 26, 1995. (Docket Nos. 80–81)

3. Wendy's motion, with memorandum in support, for sanctions, filed December 15, 1995. (Docket Nos. 82–83)

4. Nu–Cape's response to Wendy's motion for sanctions, filed December 21, 1995. (Docket No. 84)

## BACKGROUND

This cause of action originated out of a fire which damaged a Wendy's owned restaurant in Cape Coral, Florida. On June 17, 1993, Wendy's filed a complaint against Hobart Corporation, the manufacturer of the instrumentality which allegedly caused Wendy's damages. (Docket No. 1) Thereafter, Wendy's filed its first amended complaint naming Nu–Cape, among others, as an additional party defendant. (Docket No. 20) Wendy's had learned through discovery that Nu–Cape was the general contractor for the above mentioned restaurant.

In the first amended complaint, Wendy's alleged that Nu–Cape, as the general contractor, was responsible for the restaurant's construction through either its employees, agents, subcontractors, or servants. As such, Wendy's argued that Nu–Cape's negligent acts and/or omissions caused the damage to the restaurant. In addition, Wendy's argued that Nu–Cape breached its contract with Wendy's.

Wendy's settled its claim against Hobart and another co-defendant. As a condition for settlement, Wendy's dismissed its claims against all remaining defendants, including Nu–Cape. However, due to Nu–Cape's refusal to stipulate to a voluntary dismissal, Wendy's was forced to file a motion to dismiss Nu–Cape. On September 26, 1995, this Court issued an order granting voluntary dismissal of Nu–Cape. (Docket No. 77)

Following its voluntary dismissal, and pursuant to Federal Rule of Civil Procedure

41(a), Nu–Cape filed its motion for costs and attorneys' fees on October 2, 1995. (Docket No. 78) Wendy's filed its response on October 25, 1995.[1] (Docket No. 80) Thereafter, Wendy's filed its motion for sanctions alleging that Nu–Cape's motion for costs and attorneys' fees was improper and in violation of Federal Rule of Civil Procedure 11. (Docket No. 82)

## STANDARD FOR COSTS AND ATTORNEYS' FEES

This Court will first address Nu–Cape's motion for costs and attorneys' fees. Nu–Cape contends that it is entitled to costs and attorneys' fees pursuant to Sections 57.041 and 57.105, Florida Statutes (1995), and Federal Rule of Civil Procedure 54. However, the relief sought by Nu–Cape is expressly excluded by the same law and rule which it cites.

 In the United States, absent special legislation or contract providing otherwise, the general "American Rule" is that litigants must pay their own attorneys' fees. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 683–84, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 415, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978); *Alyeska Pipeline Co. v. Wilderness Soc'y,* 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975); *Hall v. Cole,* 412 U.S. 1, 4, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973). The Florida legislature has provided limited exceptions to this "American Rule" in selected Florida statutes granting or limiting fee awards to prevailing parties in situations involving inequitable conduct. *Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145, 1148 (Fla.1985) (providing that the Florida legislature enacted Florida Statutes, Section 57.105 to give courts the authority to award attorney fees "to the prevailing party ... when the court finds that the losing party raised no justiciable issue ..."). *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 955 F.2d 1467, 1478 n. 11 (11th Cir.1992) (stating that "[a]ttorney's fees pursuant to Florida Statutes § 57.105 may be awarded to the prevailing party in a suit brought in federal court"). Furthermore, attorney's fees may be sought under Florida law in federal district court. *Capital Factors, Inc. v. Heller Fin., Inc.,* 712 F.Supp. 908, 908 (S.D.Fla.1989) (providing that "attorney fees could be sought, in federal district court, under Florida statute authorizing such an award upon finding of [a] complete absence of justiciable issue").

## DISCUSSION

 The specific text of the statutory provision is critical when determining whether a party has a right to costs and attorneys' fees. *Florida Medical Center, Inc. v. McCoy,* 657 So.2d 1248, 1250 (Fla. 4th DCA 1995). Florida Statutes, Sections 57.041 and 57.105 limit recovery of costs and attorneys' fees to the "prevailing party" or the "party recovering judgment." Section 57.041 provides:

(1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.

(2) Costs may be collected by execution on the judgment or order assessing costs.

Section 57.105 provides, in relevant part:

(1) The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client. If the court finds that there was a complete absence of a justiciable issue of either law or

---

1. According to Rule 3.01(b) of the Local Rules of the United States District Court for the Middle District of Florida, "each party opposing any written motion or other application shall file and serve ... a brief or legal memorandum with citation of authorities in opposition to the relief requested." This Court admonishes Nu–Cape's counsel for not abiding by Rule 3.01(b). In the future, motions under consideration by this Court should comply with the local rules.

fact raised by the defense, the court shall also award prejudgment interest.

It is apparent to this Court that Nu–Cape must be a prevailing party and receive a judgment to recover costs and attorneys' fees under these sections. However, in order for Nu–Cape to be considered a prevailing party for attorneys' fees purposes, it must "succeed on any significant issue in litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Accordingly, the outer boundary of the term prevailing party is that a party must receive at least some relief on the merits of its claim before being considered a prevailing party. *Hewitt v. Helms,* 482 U.S. 755, 759–60, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) (citing *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)).

■ Nu–Cape is not a prevailing party; it has not succeeded "on any significant issue in litigation" and has not received a judgment or any "relief on the merits of its claim." Nu–Cape was simply voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a). To that end, Nu–Cape's status as a voluntarily dismissed party was not even addressed in its motion. Nu–Cape merely states, without supporting argument, that:

10. Attorneys' fees are recoverable in this action pursuant to Florida Statute [sic] 57.105 if the Court finds there is a complete absence of a justifiable [sic] issue (*Capital Factors, Inc. v. Heller Fin., Inc.,* S.D.Fla.1989, 712 F.Supp [sic] 908.)

11. Costs are recoverable under Florida Statute [sic] 57.041 and Federal Rules of Civil Procedure.

(Docket No. 79) Nothing within Florida Statutes, Sections 57.041 and 57.105 allow Nu–Cape to recover or even request costs and attorneys' fees.

■ Even though Nu–Cape is not a "prevailing party", it alleges that attorneys' fees are recoverable under Florida Statutes, Section 57.105(1). However, Section 57.105(1) requires the court to find "that there was a complete absence of a justiciable issue of either law or fact raised by the complaint...." Fla.Stat. § 57.105; *BankAtlantic,* 955 F.2d at 1478 n. 11; *Capital,* 712 F.Supp. at 908; *Autorico, Inc. v. Gov't Employees Ins. Co.,* 398 So.2d 485, 487 (Fla. 3d DCA 1981) (stating that "the law also seems clear that an order awarding attorney's fees under Section 57.105 ... must contain a finding that there was a complete absence of a justiciable issue of either law or fact raised by the losing party"). Again, Nu–Cape has failed to present a valid argument to support its claim. Given Nu–Cape's position as the general contractor for Wendy's damaged restaurant, there were undoubtedly "justiciable issues of law and fact" upon which Wendy's filed its complaint.

Nu–Cape also alleges that costs are recoverable under Federal Rule of Civil Procedure 54. Again, Nu–Cape is incorrect in its understanding of the law. Rule 54(d)(1) provides:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed.R.Civ.P. 54(d)(1). As stated before, Nu–Cape is not a "prevailing party" and cannot seek relief for costs under Rule 54.

## STANDARD FOR SANCTIONS UNDER RULE 11

■ The remaining issue for this Court's consideration is Wendy's motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Wendy's contends that Nu–Cape's motion for costs and attorneys' fees is frivolous and in violation of Rule 11.

Rule 11, effective December 1, 1993, provides:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed.R.Civ.P. 11(b)(1)–(4). The purpose of Rule 11 is threefold. It serves to: (1) deter the filing of claims, defenses, or motions with no factual or legal basis; (2) expedite the administration and procedure of claims within the federal courts; and (3) punish improper conduct of litigants and their representatives. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359, 374 (1990). *See Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir. 1992) (providing that Rule 11 sanctions are imposed for the purpose of deterrence, compensation, and punishment); *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987) (en banc) (stating that "[r]ule 11 sanctions are designed to discourage dilatory or abusive tactics and to help streamline the litigation process by lessening frivolous claims or defenses"). When an attorney files a pleading that has no reasonable chance of success or files a pleading in bad faith for an improper purpose, Rule 11 sanctions should be imposed. *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir.1993); *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir.) (stating that "this court has held that three types of conduct warrant the imposition of Rule 11 sanctions: (1) when a party files a pleading that has no reason-

able factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose"), *cert. denied*, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991); *Didie*, 988 F.2d at 1104; *United States v. Milam*, 855 F.2d 739, 742 (11th Cir.1988); *Donaldson*, 819 F.2d at 1556.

## GRANTING OF SANCTIONS UNDER RULE 11

■ "Because an objective standard of reasonableness under the circumstances governs whether Rule 11 has been violated, 'a federal district court is required to evaluate whether the motion, pleading, or other paper reflected what could reasonably have been believed by the signer at the time of the signing.'" *Didie*, 988 F.2d at 1104 (quoting *Meeker*, 953 F.2d at 1331). *See Donaldson*, 819 F.2d at 1556 (stating that "the standard for testing conduct under amended Rule 11 is reasonableness under the circumstances, a standard more stringent than the original good-faith formula"). Nu–Cape argued in its motion that it should recover costs and attorneys' fees pursuant to Florida Statutes, Sections 57.041 and 57.105, and Federal Rule of Civil Procedure 54. However, a clear reading of this law and rule proves otherwise. The question this Court must answer is whether Nu–Cape should have been aware that its motion for costs and attorneys' fees was objectively frivolous in light of existing law.

■ Rule 11 requires that a party make "an inquiry reasonable under the circumstances" prior to filing a pleading, written motion, or paper. Fed.R.Civ.P. 11(b). "If the attorney/party does not make a 'reasonable inquiry,' then the court must impose sanctions—despite the attorney/party's good faith belief that the claims were sound." *Pelletier*, 921 F.2d at 1514 n. 88 (citing *Donaldson*, 819 F.2d at 1556). In this case, Nu-Cape should have known there was no reasonable chance of success given the express language of Florida Statutes, Sections 57.041 and 57.105, and Federal Rule of Civil Proce-

dure 54. Moreover, Wendy's notified Nu–Cape by facsimile on October 17, 1995, specifically pointing out the law which Nu–Cape was incorrectly citing in its motion. Nu–Cape still did not withdraw its motion, forcing Wendy's to respond.

This Court finds that Nu–Cape did not make a "reasonable inquiry" before filing its motion for costs and attorneys' fees. Nu–Cape was not a "prevailing party" in this case but instead was voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a). Given the explicit language of the law, Nu–Cape should have recognized that it was excluded from any recovery. In light of the foregoing reasons, this Court is obligated by Federal Rule of Civil Procedure 11 to sanction Nu–Cape's counsel.

## AMOUNT OF RULE 11 SANCTIONS

Once a motion, pleading, or paper is signed in violation of Rule 11, the court shall impose sanctions, upon motion or of its own volition, upon the attorney who signed it, the client, or both. However, the sanction should be the least severe sanction adequate to deter and punish Nu–Cape. *Cabell v. Petty*, 810 F.2d 463, 466–67 (4th Cir.1987). Rule 11 neither expressly permits nor expressly forbids the imposition of a financial penalty, but it does explicitly give courts the authority to impose an "appropriate sanction." An appropriate sanction may include an order to pay the opposing party or parties the amount of reasonable expenses, including attorneys' fees incurred in responding to the motion, pleading, or paper. *Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.*, 750 F.Supp. 487, 494 (M.D.Fla.1990). "Although the sanctions most commonly imposed are costs and attorney's fees, the selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion." *Donaldson*, 819 F.2d at 1556.

Imposing a financial penalty often will be the most effective and fair means of enforcing Rule 11 and deterring frivolous motions. When imposed upon a lawyer, a financial penalty forces the lawyer rather than the client to bear the costs of the violation. This Court finds that Nu–Cape's counsel shall pay the costs, including the attorneys' fees incurred by Wendy's in preparation of its motion for sanctions and in responding to Nu–Cape's motion for costs and attorneys' fees.

In addition, the plain language of Rule 11 requires this Court to independently analyze the reasonableness of Wendy's request for fees and expenses. In assessing a reasonable hourly rate, there must be a correlation between the fees requested under the sanctions and the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). The Supreme Court has determined that the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

This Court has reviewed the affidavits submitted by Wendy's setting forth the expenses it incurred and finds that Wendy's has not provided satisfactory evidence. *See Norman*, 836 F.2d at 1299 (stating that "satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work" but includes "rates actually billed and paid in similar lawsuits"); *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987) (providing that the injured party bears the burden of producing satisfactory evidence that the fees requested reflect the prevailing market rate). An affidavit was submitted by Wendy's counsel, T. David Higgins, Jr. of the firm Cozen and O'Connor attesting to an hourly rate that was charged. However, the affidavit includes time and expenses incurred in addressing a previously withdrawn motion by Nu–Cape. Wendy's reasonable attorneys' fees must be limited solely to the expenses it incurred as a direct result of Nu–Cape's improper and frivolous motion for costs and attorneys' fees. Wendy's may not receive monetary sanctions for its expenditures in answering Nu–Cape's withdrawn motion for summary judgment, or, in the alternative, motion for Rule 11

Sanctions.[2]

 Federal Rule of Civil Procedure 11(c)(1)(A) states that motions for sanctions may not be presented to the court for twenty-one (21) days after the service of the motion for sanctions to the opposing party, in order to provide the party filing time to withdraw its challenged motion. The reasoning for Rule 11(c)(1)(A), as set forth in the Advisory Committee Notes, is as follows:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the formal rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

For these reasons, Wendy's may recover only those expenses incurred as a direct result of Nu–Cape's motion for costs and attorneys' fees. Wendy's is directed to file affidavits compiling the costs that were a direct result of Nu–Cape's motion for costs and attorneys' fees, and in filing its motion for sanctions. Accordingly, it is

**ORDERED** that Nu–Cape's motion for costs and attorneys' fees be **DENIED;** that Wendy's motion for sanctions be **GRANTED** in regard only to reasonable attorneys' fees and costs incurred in responding to Nu–Cape's motion for costs and attorneys' fees, and in filing its motion for sanctions; that the parties **shall** attempt to stipulate to the costs and attorneys' fees; and, if no agreement is reached, Wendy's **shall** have thirty (30) days to submit proper documentation for award of costs and attorneys' fees.

**DONE and ORDERED.**

**2.** Federal Rule of Civil Procedure 11(c)(1)(A) calls for a motion for sanctions to be made separately from other motions. Therefore, Nu–Cape's motion for summary judgment, or, in the alternative, motion for Rule 11 sanctions was procedurally improper even though it was withdrawn. (Docket No. 75)