Eugene C. ANDERSEN,
et al., Plaintiffs,

v.

SMITHFIELD FOODS, INC.,
et al., Defendants.

No. 8:01–CV–441T17TBM.

United States District Court,
M.D. Florida,
Tampa Division.

June 24, 2002.

Diana Lynn Fuller, Smith & Fuller, P.A., Tampa, FL, Stephen Herre Echsner, J. Michael Papantonio, Neil Duane Overholtz, Levin, Middlebrooks, Thomas, Mitchell, Echsner, Proctor & Papantonio, P.A., Pensacola, FL, Joe R. Whatley, Jr., Whatley Drake, L.L.C., Birmingham, AL, Herbert Tobias Schwartz, F. Kenneth Bailey, Jr., William Bailey Law Firm, L.L.P., Houston, TX, Charles F. Speer, Payne & Jones, Chartered, Overland Park, KS, Robert F. Kennedy, Jr., Law Office of Robert F. Kennedy, Jr., White Plains, NY, Hiram Eastland, Eastland Law Offices, Greenwood, MS, Thomas M. Sobol, Jan Schlichtmann, Lieff, Cabraser, Heimann & Bernstein, Boston, MA, Howard F. Twiggs, Douglas B. Abrams, Twiggs, Abrams, Strickland & Trehy, Raleigh, NC, Stephen Weiss, Seeger Weiss LLP, New York City, Richard H. Middleton, Jr., Suggs, Kelly & Middleton, Savannah, GA, for Eugene C. Anderson.

Diana Lynn Fuller, Smith & Fuller, P.A., Tampa, FL, Stephen Herre Echsner, J. Michael Papantonio, Neil Duane Overholtz, Levin, Middlebrooks, Thomas, Mitchell, Echsner, Proctor & Papantonio, P.A., Pensacola, FL, Herbert Tobias Schwartz, F. Kenneth Bailey, Jr., William Bailey Law Firm, L.L.P., Houston, TX, Charles F. Speer, Payne & Jones, Chartered, Overland Park, KS, Robert F. Kennedy, Jr., Law Office of Robert F. Kennedy, Jr., White Plains, NY, Hiram Eastland, Eastland Law Offices, Greenwood, MS, Thomas M. Sobol, Jan Schlichtmann, Lieff, Cabraser, Heimann & Bernstein, Boston, MA, for Cynthia Bailey Watson, Roger Dae Pickett, Marvin Carnagey, Keith Dotson.

Diana Lynn Fuller, Smith & Fuller, P.A., Tampa, FL, for Jim Braum, Linus Solberg, Betty Janssen.

Benjamin H. Hill, III, Hill, Ward & Henderson, P.A., Tampa, FL, J. William Boland, Richard Cullen, Rosewell Page, III, Anne Marie Whittemore, Eugene E. Mathews, III, David E. Evans, McGuire Woods LLP, Richmond, VA, for Smithfield Foods, Inc.

Benjamin H. Hill, III, Hill, Ward & Henderson, P.A., Tampa, FL, John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Ira H. Raphaelson, John B. Owens, O'Melveny & Myers LLP, Washington, DC, for Joseph W. Luter, III.

### ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant Smithfield Food, Inc.'s and Joseph W. Luter, III's Motion for Sanctions and Memorandum of Law in Support thereof (Dkt. Nos. 71–72); and Plaintiffs' Memorandum of Law in Opposition to Defendants' Joint Motion for Sanctions (Dkt. No. 75).

## Background

Eugene C. Andersen, Cynthia Bailey Watson, Roger Dae Pickett, Marvin Carnagey, Keith Dotson, Jim Braun, Linus Solberg, and Netty Janssen, individually and on behalf of the proposed Primary Class (Plaintiffs), filed suit against Smithfield Foods, Incorporated (Defendant Smithfield) and Joseph W. Luter, III (Defendant Luter) for violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, Title 18, United States Code, Section 1961, *et seq.*[1]

Defendant Smithfield is a large pork processor and hog producer, which manufactures a wide variety of processed meats. Defendant Luter was Chairman of the Board, President, and/or Chief Executive Operating Officer for Defendant Smithfield, during the time period of Plaintiffs' allegations. Plaintiffs allege that Defendant Smithfield has systematically and pervasively violated RICO, such that the businesses and property of thousands of rural Americans has been injured. According to Plaintiffs, Defendants have engaged in fraudulent and extortionate conduct by gaining Plaintiff's "trust," which has forced Plaintiffs to suffer injury to their businesses and property; thereby, violating RICO. Essentially, Plaintiffs are alleging that Defendants, as a result of carrying on its business, have misrepresented the damage that Defendants' business causes to Plaintiffs' land, and have engaged in acts of mail fraud, wire fraud, extortion, and violations of the Travel Act. Thus, these acts serve as the predicate acts necessary to establish a violation of RICO.

Previously, Defendants filed motions to dismiss the first amended complaint, which this Court granted, on the grounds that Plaintiffs failed to state a claim of relief upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which this Court granted on February 13, 2002 (February Order). Plaintiffs filed their Second Amended Complaint on March 15, 2002, which this Court again dismissed, with prejudice, on Defendants' motion. Defendants now move for sanctions under Rule 11 of the Federal Rules of Civil Procedure, asserting that Plaintiffs' Complaint is frivolous and that it was filed for an improper purpose and in bad faith.

## Discussion

### A. Standard for Rule 11 Sanctions

In filing a pleading in federal court, an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and presented only for a proper purpose. Fed.R.Civ.P. 11. Specifically, Federal Rule of Civil Procedure 11 provides, in pertinent part, that

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the establishment of new law; (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity

1. Because Defendant Luter and Defendant Smithfield filed a joint motion for sanctions, this Order will refer to Defendant Luter and Defendant Smithfield collectively as "Defendants."

for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. Fed.R.Civ.P. 11.

In this Circuit, three types of conduct warrant Rule 11 sanctions: "1) when a party files a pleading that has no factual basis; 2) when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and 3) when a party files a pleading in bad faith or for an improper purpose." *Gelles v. Skrotsky*, 15 F.Supp.2d 1293, 1293 (M.D.Fla.1998). As such, this Court would have to find that Plaintiffs' allegations are false, that they knew that their legal arguments would obviously fail, or that they pled their actions with apparent bad faith.

■ The purpose of Rule 11 is to "discourage dilatory or abusive tactics and to help streamline the litigation process by lessening frivolous claims or defenses." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987). When an attorney files a pleading that has no reasonable chance of success or files a pleading in bad faith for an improper purpose, Rule 11 sanctions should be imposed. *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir.1993).

## B. Granting of Sanctions under Rule 11

"Because an objective standard of reasonableness under the circumstances governs whether Rule 11 has been violated, 'a federal district court is required to evaluate whether the motion, pleading, or other paper reflected what could reasonably have been believed by the signer at the time of the signing.'" *Id.* (quoting *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir.1992)). Here, Plaintiffs filed a Complaint and two Amended Complaints with this Court. In dismissing the First Amended Complaint, the Court warned Plaintiffs that, although Plaintiffs could *possibly* have a cause of action against Defendants, they did not have a claim under RICO. After detailing the reasons why Plaintiffs did not have a claim under RICO, this Court granted Plaintiffs leave to amend their complaint. Plaintiffs took the opportunity to amend their complaint, and Plaintiffs again brought a RICO claim, against this Court's advice. While Plaintiffs' First Amended Complaint stated too much without stating a claim, Plaintiffs' Second Amended Complaint failed to state anything at all, except conclusory allegations that have no support.

Rule 11 requires that a party make "an inquiry reasonable under the circumstances" prior to filing a pleading. Fed. R.Civ.P. 11. "If the attorney does not make a 'reasonable inquiry,' then the Court must impose sanctions—despite the attorney's good faith belief that the claims were sound." *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 n. 88 (11th Cir.1991). Because the Court does not wish to hamper novel challenges to existing law, it will not address the merits of the First Amended Complaint that Plaintiffs submitted; however, the Court finds that no reasonable attorney, especially in light of the dismissal of the First Amended Complaint and under the circumstances, could reasonably believe that the Second Amended Complaint had any reasonable chance of success or that it stated a claim of relief upon which relief could be granted.

■ It is the Court's hope that Plaintiffs did not file this claim with the improper purpose of inducing Defendants into a settlement. Rather, the Court finds that Plaintiffs did not make a "reasonable inquiry" before filing its RICO claim. Plaintiffs should have recognized, long before the First Amended Complaint was filed,

that there was no cognizable RICO claim for the facts and circumstances that they brought before this Court. Because Plaintiff failed to make a reasonable inquiry, the Court is obligated by Rule 11 to sanction Plaintiff's counsel.

### C. Amount of Rule 11 Sanctions

Once a pleading is signed in violation of Rule 11, the Court shall impose sanctions upon the attorney who signed it, the client, or both. Rule 11 neither expressly permits nor expressly forbids the imposition of a financial penalty, but it does explicitly give the courts authority to impose an "appropriate sanction." *Wendy's Intl., Inc. v. Nu–Cape Construction, Inc.*, 164 F.R.D. 694, 700 (M.D.Fla.1996). An appropriate sanction may include an order to pay the opposing party the amount of reasonable expenses, including attorneys' fees incurred in responding to the motion, pleading, or paper. *Id.*

"Imposing a financial penalty often will be the most fair and effective means of enforcing Rule 11 and deterring frivolous motions. When imposed upon a lawyer, a financial penalty forces the lawyer, rather than the client, to bear the costs of the violation." *Id.* This Court finds that Plaintiffs' counsel shall pay the costs, including attorneys' fees that Defendants incurred in preparing their Motion to Dismiss the Second Amended Complaint and preparing their Motion for Sanctions.

Accordingly, it is

**ORDERED** that on Defendant Smithfield Food, Inc.'s and Joseph W. Luter, III's Motion for Sanctions (Dkt. No. 71) be **GRANTED;** the parties **SHALL** attempt to stipulate to the costs and attorneys' fees; and if no agreement is reached, Defendants **SHALL** have thirty (30) days to submit proper documentation for award of costs and attorneys' fees.