**Eugene C. ANDERSEN,
et al., Plaintiffs,**

v.

**SMITHFIELD FOODS, INC.,
et al., Defendants.**

**No. 8:01CV441T17TBM.**

United States District Court,
M.D. Florida,
Tampa Division.

June 24, 2002.

---

Diana Lynn Fuller, Smith & Fuller, P.A., Tampa, Fl, Stephen Herre Echsner, J. Michael Papantonio, Neil Duane Overholtz, Levin, Middlebrooks, Thomas, Mitchell, Echsner, Proctor & Papantonio, P.A., Pensacola, Fl, Joe R. Whatley, Jr., Whatley Drake, L.L.C., Birmingham, AL, Herbert Tobias Schwartz, F. Kenneth Bailey, Jr., Williams Bailey Law Firm, Houston, TX, Charles F. Speer, Payne, Jones, Overland Park, KS, Robert F. Kennedy, Jr., White Plains, NY, Hirma Eastland, Eastland Law Offices, Greenwood, MS, Thomas M. Sobol, Jan Schlichtmann, Lieff, Cabraser, Heiman & Bernstein, Boston, MA, Howard F. Twiggs, Douglas B. Abrams, Twiggs, Abrams, Strickland & Trehy, Raleigh, NC, Stephen Weiss, Seeger Weiss LLP, New York City, Richard H. Middleton, Jr., Suggs, Kelly & Middleton, Savannah, GA, for Plaintiffs.

Benjamin H. Hill, III, Hill, Ward & Henderson, P.A., Tampa, FL, J. William Boland, Richard Cullen, Rosewell, III, Anne MArie Whittmore, Eugene E. Mathews, III, David E. Evans, McGuire Woods, LLP, Richmond, VA, Ira H. Raphaelson, John B. Owens, O'Melveny & Myers LLP, Washington, DC, for Defendants.

## ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant Smithfield Food, Inc.'s Motion to Dismiss Second Amended Class Action Complaint and Memorandum of Law in support thereof (Dkt.Nos.69–70); Defendant Joseph W. Luter, III's Motion to Dismiss Second Amended Class Action Complaint and Memorandum of Law in support thereof (Dkt.Nos.67–68); Plaintiffs' Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss the Second Amended Complaint (Dkt. No. 73); Plaintiffs' Memorandum of Law in Opposition to Defendant Luter's Motion to Dismiss (Dkt. No. 74); and Plaintiffs' Second Amended Class Action Complaint (Dkt. No. 65).

### Background

Eugene C. Andersen, Cynthia Bailey Watson, Roger Dae Pickett, Marvin Carnagey, Keith Dotson, Jim Braun, Linus Solberg, and Netty Janssen, individually and on behalf of the proposed Primary Class(Plaintiffs), have filed suit against Smithfield Foods, Incorporated (Defendant Smithfield) and Joseph W. Luter, III (Defendant Luter) for violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, Title 18, United States Code, Section 1961, et seq.[1]

---

1. Because Defendant Luter incorporates Defendant Smithfield's arguments into his Motion to Dismiss, this Order will refer to both Defendant Luter and Defendant Smithfield collectively as "Defendants" and will incorporate the motions of both Defendants.

Defendant Smithfield is a large pork processor and hog producer, which manufactures a wide variety of processed meats. Defendant Luter was Chairman of the Board, President, and/or Chief Executive Operating Officer for Defendant Smithfield, during the time period of Plaintiffs' allegations. Plaintiffs allege that Defendant Smithfield has systematically and pervasively violated RICO, such that the business and property of thousands of rural Americans has been injured. According to Plaintiffs, Defendants have engaged in fraudulent and extortionate conduct by gaining Plaintiff's "trust," which has forced Plaintiffs to suffer injury to their business and property; thereby, violating RICO. Essentially, Plaintiffs are alleging that Defendants, as a result of carrying on its business, have misrepresented the damage that Defendants' business causes to Plaintiffs' land, and have engaged in acts of mail fraud, wire fraud, extortion and violations of the Travel Act. Thus, these acts serve as the predicate acts necessary to establish a violation of RICO.

Previously, Defendants filed motions to dismiss the first amended complaint on the grounds that Plaintiffs failed to state a claim of relief upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which this Court granted on February 13, 2002 (February Order). Plaintiffs filed their Second Amended Complaint on March 15, 2002, and Defendants again move to dismiss the complaint on the grounds that it fails to state a claim for which relief can be granted. Specifically, Defendants claim that Plaintiffs' complaint fails to allege that Defendants' actions caused Plaintiffs' injury, that Defendants committed any predicate acts, that Defendants engaged in a pattern of racketeering activity, or that a RICO enterprise exists.

## Standard of Review

In ruling on a motion to dismiss, the court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 56–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, a Plaintiff may not merely "label" claims to survive a motion to dismiss. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996).

At a minimum, the complaint must provide a "short and plain statement of the claim" that "will give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed. R.Civ.P. 8(a)(2)). When, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991). "Claims under RICO must be subjected to scrutiny due to their potential for abuse by civil litigants." *Bill Buck Chevrolet v. GTE Fla.,* 54 F.Supp.2d 1127, 1137 (M.D.Fla.1999) (quoting *Ste Ame Isorait v. Atlantic Mutual Co.,* 1993 WL 37330, at *3 (E.D.N.Y.1993)).

## Discussion

### I. Defendant Smithfield's Motion to Dismiss

Defendants claim that Plaintiffs' complaint should be dismissed because it fails to state a claim under the Federal Racketeering Influenced and Corrupt Organizations Act (RICO), Title 18, United States Code, Section 1961, *et seq.* Specifically,

Defendants argue that Plaintiffs' complaint fails to allege that Defendants' actions caused Plaintiffs' injury, that Defendants had the requisite scienter for the predicate acts, or that a RICO enterprise exists.

### The RICO Claim

Congress designed RICO as a flexible tool to fight organized crime. As such, it makes the following activities unlawful:

(a) investing income derived, directly or indirectly, from a pattern of racketeering activity through collection of an unlawful debt in any enterprise which affects interstate commerce; (b) acquiring or maintaining an interest in any enterprise which affects interstate commerce through a pattern of racketeering activity or through collection of an unlawful debt; (c) conducting or participating in the affairs of any enterprise which affects interstate commerce through a pattern of racketeering activity or collection of an unlawful debt; or (d) conspiring to violate any of the provisions of Section 1962(a)–(c).

18 U.S.C. § 1962.

"Racketeering activities" covers a wide-range of federal and state crimes, including acts that are " 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities that [are] 'punishable' under federal law." *Sedima, S.P.R.L. v. Imrex Co. Inc.*, 473 U.S. 479, 482, 105 S.Ct. 3275,. 87 L.Ed.2d 346 (1985) (quoting 18 U.S.C. § 1961(1)).

To engage in a "pattern of racketeering activity," the defendant must have participated in "at least two acts of racketeering activity, one of which occurred after the effective date of [RICO] and the last of which occurred within ten years (excluding any term of imprisonment) after the com-mission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). Finally, "enterprise" is defined under the statute as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Id.* § 1961(c).

RICO establishes both criminal and civil penalties for violations of Section 1962. The civil remedies provision provides a private cause of action for "any person injured in his business or property by reason of a violation of Section 1962." 18 U.S.C. § 1961(c). However, as the United States Supreme Court noted, "in its private civil version, RICO is evolving into something quite different from the original conception of its enactors." *Sedima*, 473 U.S. at 482, 105 S.Ct. 3275. The elements of a civil RICO claim are: "(1) a violation of section 1962; (2) injury to business or property; and (3) that the violation caused the injury." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir.1991).

### A. Violation of Section 1962

To establish a violation of Section 1962, the plaintiff must allege facts demonstrating that the defendant engaged in a pattern of racketeering activity and that an enterprise existed. *Bill Buck Chevrolet v. GTE Fla.*, 54 F.Supp.2d 1127, 1137 (M.D.Fla.1999).

### Pattern of Racketeering Activity

In showing a pattern of racketeering activity, the plaintiff must allege at least two racketeering predicate acts that are related and that amount to, or threaten the likelihood of, continued criminal activity. *H.J. Inc. v. Northwestern Bell Tele. Co.*, 492 U.S. 229, 237–238, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Therefore, in order to survive a motion to dismiss, the plaintiff must allege facts sufficient to support at least two of the predicate acts. *Republic*

*of Panama v. BCCI Holdings,* 119 F.3d 935, 949 (11th Cir.1997).

### 1. Racketeering Activity

Plaintiffs allege that Defendants engaged in the following predicate acts: mail fraud in violation of Title 18, United States Code, Section 1341; wire fraud in violation of Title 18, United States Code, Section 1343; extortion in violation of Title 18, United States Code, Section 1952; and acts in violation of the Travel Act, Title 18, United States Code, Section 1952(a). Each of these statutes requires proof of scienter. *BCCI Holdings,* 119 F.3d at 949 (citing *Pelletier,* 921 F.2d at 1498).

A plaintiff must show the following elements to establish liability under the federal wire and mail fraud statutes: "(1) that defendants knowingly devised or participated in a scheme to defraud plaintiffs, (2) that they did so willingly with an intent to defraud, and (3) that the defendants used the U.S. mails or the interstate wires for the purpose of executing the scheme." *Langford v. Rite Aid of Alabama, Inc.,* 231 F.3d 1308, 1312 (11th Cir.2000) (citing *Neder v. U.S.,* 527 U.S. 1, 24–25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).

Plaintiffs' amended complaint alleges that Defendant Smithfield has made material misrepresentations that Plaintiffs' land would not diminish in value from Defendants' production of pork products near Plaintiffs' land. Although proof of mail or wire fraud requires a showing that the defendant had the knowing intent to defraud, a RICO plaintiff does not need direct proof of scienter. *Bill Buck Chevrolet,* 54 F.Supp.2d at 1132. However, "[a] RICO plaintiff's allegations of scienter cannot be 'merely conclusory and unsupported by any factual allegations.'" *Id.* (quoting *Republic of Panama v. BCCI Holdings,* 119 F.3d 935, 949 (11th Cir.1997) (quoting *O'Malley v. O'Neill,* 887 F.2d 1557, 1561 (11th Cir.1989))).

■ The Court finds that the allegations in Plaintiffs' complaint do not give rise to a "strong inference" that Defendants possessed the specific intent necessary for the alleged predicate acts. *See Beck v. Manuf. Hanover Trust Co.,* 820 F.2d 46, 50 (2d Cir.1987) (stating that RICO plaintiffs must "provide some factual basis for conclusory allegations of intent"). Plaintiffs allege that Defendants intentionally misled Plaintiffs into thinking that their property value would not diminish. Even if, as Plaintiffs claim, Defendants misrepresented and/or omitted information to establish "trust" with Plaintiffs, Plaintiffs have failed to allege how the Defendants' alleged action of mail fraud, wire fraud, or extortion caused the injuries to Plaintiffs, or how Defendants, by gaining this "trust," intended to injure Plaintiffs' property or the use and enjoyment of their property. Defendants did not need permission from Plaintiffs to operate their facilities near Plaintiffs' land. In fact, from the allegations in the complaint, it appears to the Court that the Defendants' facilities were in place prior to Defendants' alleged attempt to establish "trust" with Plaintiffs. Thus, their allegations of mail and wire fraud are insufficient to withstand Defendants' Motions to Dismiss.

Finally, the Court is unable to determine how Defendants misrepresented any material information to Plaintiffs or how they defrauded Plaintiffs. As Defendants correctly pointed out, allegations of fraud are governed by the pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure. Specifically, the complaint must allege the "who, what, where, when and how" to survive a motion to dismiss. *Leonard v. Stuart–James Co.,* 742 F.Supp. 653, 659 (N.D.Ga.1990). Here, Plaintiffs' complaint has failed to sufficiently plead mail or wire fraud so that Defendants can tell the who, what, where, when, or how of their alleged ac-

tions. More importantly, Plaintiffs have failed to allege sufficient facts that would allow Defendants fair notice of the claim for which they are to defend themselves against. Therefore, the Court finds that Plaintiffs' Second Amended Complaint fails to state a cause of action.

In the absence of allegations demonstrating that Defendants had the scienter necessary to commit mail or wire fraud or extortion, the Court finds that Plaintiffs have not stated a RICO claim.

**2. Pattern**

█ If the plaintiff has pled the requisite predicate acts, the Court must look to see if he or she has pled the pattern of such acts. Pleading that a pattern exists requires the plaintiff to plead both that the predicate acts are related to each other and that they either constitute or threaten long-term criminal activity. *Northwestern Bell,* 492 U.S. at 239, 109 S.Ct. 2893. Predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* The continuity aspect refers to either a closed period of repeated conduct or to past conduct that, by its nature, projects into the future with a threat of competition. *Bill Buck Chevrolet,* 54 F.Supp.2d at 1134 (quoting *Northwestern Bell,* 492 U.S. at 241, 109 S.Ct. 2893). "[T]he threat of continuity may be established by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *Id.* (quoting *Northwestern Bell,* 492 U.S. at 243, 109 S.Ct. 2893).

Plaintiffs allege that Defendants have continuously engaged in the predicate acts listed above as part of Defendants' normal process of carrying on its business. Although Plaintiffs adequately pled that these act are related to each other and

"have the same or similar purposes, results, participants, victims, or methods of commission," the Court finds that because they have failed to set forth predicate acts, the complaint fails to allege a pattern of racketeering activity.

*Enterprise*

"The definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes." *U.S. v. Goldin Industries, Inc.,* 219 F.3d 1271 (11th Cir. 2000) [hereinafter *Goldin II* ]. In this Circuit, the "person" and the "enterprise" cannot be the same person. *U.S. v. Goldin Industries, Inc.,* 219 F.3d 1268, 1269 (11th Cir.2000) (en banc) [hereinafter *Goldin I* ].

Here, Plaintiffs allege that Defendants are part of the enterprise, not *the* enterprise; thus, they are not alleging that the person and the enterprise are the same. In the February Order, this Court stated that, "Plaintiffs' complaint identifies the other members of the alleged members in vague terms, such as 'non-company co-conspirators' and 'other not named defendants.' Although Defendants' subsidiaries are included in its alleged enterprise, Plaintiffs never identify the 'non-company co-conspirators' and 'other not named defendants' as having a business relationship with Defendants, much less as having engaged in the alleged predicate acts in the context of that business relationship." In the Second Amended Complaint, Plaintiffs have attempted to put "names with the faces," so to speak. However, simply plugging in names does not establish an enterprise for the purposes of RICO.

As this Court has previously stated:
The presence of an enterprise is an essential element of a RICO complaint. Merely identifying the type of business

in which the members of the alleged enterprise engage in is not enough either to allow the Court to evaluate whether the alleged enterprise constitutes an enterprise within the meaning of RICO or to provide Defendant fair notice of the claim against which Defendant must defend.

*Bill Buck Chevrolet,* 54 F.Supp.2d at 1135. Here, Plaintiffs have failed to allege sufficient facts to show that a RICO enterprise in fact exists. Thus, the complaint fails to show a violation of Section 1962 and fails to state a claim of relief under RICO.

**B. Causation of Injury**

■ Additionally, Plaintiffs' complaint does not allege facts showing that they were harmed by the Section 1962 violation alleged. A plaintiff suing under civil RICO must show that his injury was proximately caused by the commission of the predicate acts. In *Pelletier v. Zweifel,* the Eleventh Circuit explained:

There is some question whether this proximate cause requirement limits damages recoverable to those caused directly by the predicate act or to those caused indirectly by the predicate act. We have taken the more restrictive view, holding that a plaintiff has standing to sue under section 1964(c) *only if his injury flowed directly from the commission of the predicate acts.* This means that when the alleged predicate act is mail or wire fraud, the Plaintiff must have been a target of the scheme to defraud and must have relied to his detriment on misrepresentations made in furtherance of that scheme.

921 F.2d 1465, 1499–1500 (11th Cir.1991) (internal citations omitted) (emphasis added). A "scheme to defraud" involves making misrepresentations "reasonably calculated to deceive persons of ordinary prudence and comprehension." *Wilson v. De Angelis,* 156 F.Supp.2d 1335, 1338 (S.D.Fla.2001) (quoting *Pelletier,* 921 F.2d at 1498–1499).

■ In taking the allegations in Plaintiffs' complaint as true, the Court finds that the Plaintiffs fail to establish the causation requirement for a civil RICO cause of action. Plaintiffs' complaint does not set forth how Defendants' alleged misrepresentation or alleged predicate acts injured their property or their use and enjoyment of their property. From looking at the complaint, there is no construction of the factual allegations that could lead to the conclusion that Defendants targeted Plaintiffs in its "scheme to defraud" in its alleged acts of mail and wire fraud. Moreover, Plaintiffs' injuries do not flow directly from Defendants' alleged violations of the predicate acts, as this Circuit requires to establish a cause of action for a civil RICO claim. Plaintiffs' complaint therefore fails to establish that the alleged pattern of racketeering caused its injury.

The Court notes that Plaintiffs' Second Amended Complaint is not much different than its First Amended Complaint that this Court previously dismissed. Although the First Amended Complaint stated too much without asserting a cause of action, this Complaint states nothing at all, except conclusory allegations with no factual support. As the Court pointed out in its February Order, if Plaintiffs have a cause of action against Defendants for the alleged injury that their property suffered, *it is not under RICO.* The law provides other remedies in tort for the alleged violations that Defendants committed and the alleged injuries that Plaintiffs suffered as a result of Defendants' actions. Because, after three attempts, Plaintiffs have still failed to state a cause of action, the Court finds that the Plaintiffs' complaint must be dismissed with prejudice.

## II. Defendant Luter's Motion to Dismiss

Although Defendant Luter asserts additional reasons to dismiss Plaintiffs' complaint, because the Court finds that Plaintiffs' complaint fails to state a claim upon which relief can be granted, the Court will not consider the additional reasons set forth in his memorandum of law in support of his motion and will grant his motion.

Accordingly, it is

**ORDERED** that Defendant Smithfield Food, Inc.'s Motion to Dismiss Second Amended Class Action Complaint (Dkt. No. 69) be **GRANTED;** and Defendant Joseph W. Luter, III's Motion to Dismiss Second Amended Class Action Complaint (Dkt. No. 67) be **GRANTED.** The Clerk of Court is directed to dismiss Plaintiffs' Second Amended Complaint with prejudice; however, the Court reserves jurisdiction to rule on Defendants' pending motions for sanctions.