[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 17, 2003
THOMAS  K. KAHN
CLERK**

_____

No. 02-14089

_____

D. C. Docket No. 01-00441 CV-T-17

EUGENE C. ANDERSON,
CYNTHIA BAILEY WATSON, et al.,

Plaintiffs-Appellants,

versus

SMITHFIELD FOODS, INC.,
JOSEPH W. LUTER, III,

Defendants-Appellees.

_____

No. 02-15657

_____

D. C. Docket No. 01-00441 CV-T-17

EUGENE C. ANDERSON,
CYNTHIA BAILEY WATSON, et al.,

Plaintiffs-Appellants,

DOUGLAS B. ABRAMS,
ABRAMS & ABRAMS, P.A., et al.,

Interested Parties-Appellants,

versus

SMITHFIELD FOODS, INC.,
JOSEPH W. LUTER, III,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(December 17, 2003)**

Before HULL and COX, Circuit Judges, and PAUL[*], District Judge.

PER CURIAM:

I.  INTRODUCTION

A group of landowners appeals the district court's judgment dismissing their civil action and imposing sanctions on their counsel in the amount of $128,563.43. We affirm dismissal of the action, but reverse the award of sanctions.

---

[*]Honorable Maurice M. Paul, United States District Judge for the Northern District of Florida, sitting by designation.

## II. BACKGROUND & PROCEDURAL HISTORY

Plaintiffs Eugene C. Anderson, Cynthia Bailey Watson, Roger Dae Pickett, Marvin Carnagey, Keith Dotson, Jim Braum, Linus Solberg, Betty Janssen, and Don Webb own land abutting Defendant Smithfield Foods, Inc., the world's largest hog producer and pork processor. Plaintiffs bring this putative class action on their own behalf and for all others similarly situated, alleging that Smithfield and its CEO, Joseph W. Luter, III, are liable under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, for business practices amounting to racketeering.

Plaintiffs' First Amended Complaint alleged that Defendants polluted land and water in violation of numerous laws and regulations, and lied about and profited from these environmental transgressions. Plaintiffs alleged that this conduct gives rise to liability under RICO because it constitutes a pattern of money laundering and wire and mail fraud. Defendants moved, under Fed. R. Civ. P. 12(b)(6), to dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted. The district court granted the Defendants' motion. *Anderson v. Smithfield Foods, Inc.*, 209 F. Supp. 2d 1270, 1278 (M.D. Fla. 2002). The district court stated generally that RICO was not an available remedy:

3

> The Court recognizes Plaintiffs' concern for the impact that Defendants' business has on the environment. However, the Clean Air Act, the Clean Water Act, and a variety of other statutes were designed to protect against these hazards. Although Plaintiffs allege that Defendants consistently and constantly violate these statutes, RICO is not the proper remedy for Plaintiffs to vindicate their rights involving violations of these statutes.

*Id.* at 1275. The district court's order went on, however, to identify defects in the Plaintiffs' RICO claims, noting that the Plaintiffs had insufficiently alleged the specific intent required to prove mail and wire fraud, that their allegations that Defendants profited from violating environmental laws were insufficient to show money laundering, that the facts they alleged were too vague to show the enterprise required for RICO liability, and that they had failed to allege the harm required by RICO. *Id.* at 1275-76. The district court then gave the Plaintiffs thirty days to file another amended complaint. *Id.* at 1278.

The Plaintiffs then filed a Second Amended Complaint. They again sought to recover under RICO. In this complaint, however, they dropped the money laundering allegations, but elaborated on their mail and wire fraud allegations and added new allegations of extortion. Defendants again moved to dismiss under Rule 12(b)(6). The district court granted this second motion to dismiss. *Anderson v. Smithfield Foods, Inc.*, 207 F. Supp. 2d 1358, 1365 (M.D. Fla. 2002).

When the Defendants moved to dismiss the Second Amended Complaint, they also moved for sanctions under Fed. R. Civ. P. 11, asserting that the Plaintiffs had improperly pleaded RICO claims in the Second Amended Complaint. The district court granted the motion and imposed monetary sanctions in the amount of $128,563.43 to defray the fees and costs incurred by the Defendants in attacking the Second Amended Complaint. *Anderson v. Smithfield Foods, Inc.*, 209 F. Supp. 2d 1278, 1282 (M.D. Fla. 2002). The court imposed the sanctions because it concluded that the Plaintiffs had not made a reasonable inquiry into the viability of the RICO claims before filing the Second Amended Complaint. *Id*. at 1281. Specifically, the court stated:

> In dismissing the First Amended Complaint, the Court warned Plaintiffs that, although Plaintiffs could *possibly* have a cause of action against Defendants, they did not have a claim under RICO. After detailing the reasons why Plaintiffs did not have a claim under RICO, this Court granted Plaintiffs leave to amend their complaint. Plaintiffs took the opportunity to amend their complaint, and Plaintiffs again brought a RICO claim, against this Court's advice. . . . [T]he Court finds that no reasonable attorney, especially in light of the dismissal of the First Amended Complaint and under the circumstances, could reasonably believe that the Second Amended Complaint had any reasonable chance of success or that it stated a claim of relief upon which relief could be granted.

*Id*. The Plaintiffs appeal.

5

III.  ISSUES ON APPEAL AND CONTENTIONS OF THE PARTIES

The Plaintiffs contend that the district court erred in imposing sanctions related to the Second Amended Complaint.  They contend, among other things, that it was reasonable for them to interpret the district court's order dismissing the First Amended Complaint as inviting an effort to remedy pleading defects in the RICO claims.

The Plaintiffs also contend that the district court erred in granting the Defendants' two motions to dismiss.  We find these arguments meritless, and affirm the dismissal without further discussion.  *See* 11th Cir. R. 36-1.  In doing so, we affirm only the district court's ultimate conclusions that plaintiffs' complaints fail to state a claim on which relief can be granted, and do not endorse all of the district court's reasons for these conclusions.  We do conclude, however, that the district court entered judgment for the defendants without a reversible error of law.

IV.  STANDARD OF REVIEW

We review for an abuse of discretion the district court's imposition of sanctions under Rule 11.  *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001).

V.  DISCUSSION

"The standard for testing conduct under amended Rule 11 is 'reasonableness under the circumstances.'"  *United States v. Milam,* 855 F.2d 739, 743 (11th Cir.

1988) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc)).

A district court has the discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Massengale*, 267 F.3d at 1301 (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)). Here, the district court found that the Plaintiffs had filed a pleading advancing claims that had no possible chance of success. After carefully reviewing the district court's first dismissal order and the Plaintiffs' Second Amended Complaint, we conclude, for two related reasons, that the district court abused its discretion in imposing sanctions.

First, there is scant on-point authority to guide the reasonable lawyer to the conclusion that, with the RICO claims in the Second Amended Complaint, he either had no reasonable chance of success or was advancing an unreasonable argument to change existing law. Though we have concluded that the Second Amended Complaint does not state viable RICO claims, we are unable to conclude that only an unreasonable lawyer would have made these claims.

Second, the district court's order dismissing the claims in the First Amended Complaint did not give such a clear warning not to refile under RICO that only an

unreasonable lawyer would have repleaded RICO claims. The district court's sanctions order gives particular consideration to its first dismissal warning that RICO was not a proper remedy. The court states that its first dismissal order clearly stated that RICO was not an available remedy, and reasons that the order would have put any reasonable lawyer on notice that the RICO claims had no chance of success. While the district court's first dismissal does state that RICO is not the proper remedy for Plaintiffs to pursue, the order also points out the pleading defects in the Plaintiffs' RICO claims and gives the Plaintiffs leave to file a Second Amended Complaint. This approach created an ambiguity. Based on this ambiguity, a reasonable lawyer could interpret the order as inviting better-pleaded RICO claims. Thus, we cannot say, in light of the first dismissal order, that a reasonable lawyer must have known that improved RICO claims would have no reasonable chance of success.

In light of the paucity of controlling precedent and the district court's first dismissal order, Plaintiffs' counsel were not unreasonable in pleading the RICO claims in the Second Amended Complaint. Therefore, we conclude that the district court abused its discretion in imposing sanctions.

## VI. CONCLUSION

The district court's dismissal of the action is affirmed; because the district court abused its discretion in awarding sanctions, the district court's imposition of sanctions is reversed.

AFFIRMED IN PART; REVERSED IN PART.