[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16054
Non-Argument Calendar

_____

D. C. Docket No. 03-01790-CV-ORL-22-JGG

CHARLIE P. FOOTMAN, JR.,

Plaintiff,

GEORGE E. OLLINGER,

Interested Party-Appellant,

versus

WANG TAT CHEUNG,
d.b.a. Chinese Food,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 27, 2005)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

George E. Ollinger, an attorney proceeding *pro se*, appeals the district court's order imposing sanctions against him and denying his motion to disqualify the district court judge. Ollinger filed the motion on behalf of the plaintiff, Charlie P. Footman, Jr., in a lawsuit for alleged violations of Title III of the Americans with Disabilities Act. Pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, the district court imposed sanctions on Ollinger after determining the following: (1) that Ollinger falsely alleged that Footman was inflicted with multiple sclerosis ("MS"); (2) that Ollinger falsely alleged that Footman entered the restroom and attempted to use the facilities at defendant Wang Tat Cheung's restaurant; and (3) that Ollinger altered Footman's answers to court-ordered interrogatories after the answers had been sworn and notarized.

On appeal, Ollinger argues that the district court abused its discretion by ordering sanctions against him because he acted reasonably and because the lawsuit was not frivolous or brought in bad faith. He explains that the false MS allegation in the amended complaint was the result of a "computer error," that he voluntarily struck the allegation, and that Cheung was not prejudiced by the error. Next, he submits that Footman did in fact enter the restroom at Cheung's restaurant

2

as alleged in the amended complaint, despite the fact that this allegation is inconsistent with Footman's interrogatory answers. Finally, Ollinger admits that he made post-signature alterations to Footman's sworn interrogatory answers; but, he argues that these alterations were neither material nor prejudicial and that they made Footman's answers more truthful and accurate. Ollinger concludes that he conducted himself with candor and did not engage in conduct warranting sanctions.

We review a district court's imposition of sanctions for an abuse of discretion. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (Rule 11); *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (28 U.S.C. § 1927). A district court has the discretion to award sanctions pursuant to Rule 11 under the following circumstances: "(1) when the party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (internal quotations and citations omitted).

To determine whether to impose Rule 11 sanctions, the court first

determines "whether the party's claims are objectively frivolous–in view of the facts or law–and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). "The reasonableness of the inquiry may depend on such factors as how much time for investigation was available to the signer, [or] whether he had to rely on a client for information as to the facts underlying the violative document." *Id.* (internal quotations and citation omitted).

Pursuant to § 1927, sanctions may be imposed against "[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "For sanctions under section 1927 to be appropriate, something more than a lack of merit is required." *Schwartz*, 341 F.3d at 1225. Instead, "[t]he statute was designed to sanction attorneys who 'wilfully abuse the judicial process by conduct tantamount to bad faith,'" but not by conduct constituting mere negligence. *Id.* (citation omitted). Bad faith exists "where an attorney knowingly or recklessly pursues a frivolous claim." *Id.*

We find that the district court did not abuse its discretion in imposing sanctions on Ollinger. Throughout the litigation, Ollinger demonstrated a consistent pattern of reckless, unprofessional, and unethical conduct including

4

filing an amended complaint that contained false and unsupported allegations, filing interrogatory answers that contradicted allegations in the amended complaint, submitting multiple unsworn and un-notarized versions of answers to court interrogatories that purported to be sworn and notarized, and filing a frivolous motion to disqualify the district court judge. Ollinger's lack of candor cast doubt on the merits of Footman's entire case. Because Ollinger knowingly or recklessly pursued a frivolous claim based on false and unsupported allegations, the district court did not abuse its discretion by imposing sanctions against him pursuant to Rule 11 and 28 U.S.C. § 1927. Accordingly, we affirm as to this issue.

Next, Ollinger argues that the district court judge should have disqualified herself because of her bias and that the motion seeking the judge's disqualification was not frivolous. He submits that the judge's record of decisions in the employment litigation context, as well as her conduct in this case, would objectively lead a reasonably-informed observer to entertain a significant doubt as to the judge's impartiality.

In light of the parties' settlement of the underlying ADA claims in this case, the doctrine of mootness is determinative. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. . . . If events that occur subsequent to the filing of a lawsuit or an appeal

5

deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004) (internal quotations and citations omitted).

Because the parties amicably settled all claims in this case, any remaining issues related to the underlying ADA claims, including whether the district court erred in denying the recusal motion, are moot. Accordingly, Ollinger's demand for relief from the order denying the motion to disqualify the district court judge is moot, and we dismiss the appeal as to this issue.

**AFFIRMED IN PART, DISMISSED IN PART**.