[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 26, 2008
THOMAS K. KAHN
CLERK

No. 07-11772
Non-Argument Calendar

_____

D. C. Docket No. 04-61385-CV-PCH

JOHN WILLIAMS,

Plaintiff-Appellant,

versus

ROBERT B. CARNEY,
MICHAEL WEISS,
HAL ANDERSON,
BILLING, COCHRAN, HEATH, LYLES, MAURO &
ANDERSON, P.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 26, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

John Williams, an attorney proceeding *pro se*, appeals the imposition of sanctions against him, pursuant to Federal Rule of Civil Procedure 11, based on the filing of a frivolous 42 U.S.C. § 1983 complaint, which alleged claims against: (1) Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A., a law firm; (2) Michael Weiss and Hal Anderson, attorneys with the law firm (collectively referred to as "the Firm"); and (3) Judge Robert Carney, a Florida state court judge.[1] The district court dismissed Williams' complaint, which we affirmed, and the Firm sought Rule 11 sanctions against Williams in the form of attorney's fees and costs, which the court granted, based on its finding that Williams' claims were objectively frivolous. Williams asserts the district court abused its discretion in awarding sanctions, and also appeals the amount of sanctions. The district court did not abuse its discretion, and we affirm.

I.

Williams asserts the district court erred by imposing Rule 11 sanctions on him because there was "absolutely no violation of the Rule," and thus, there was no justification for imposing sanctions. Further, Williams asserts the Firm did not contend–and the district court did not find–that the claims brought by him in his

---

[1] In his complaint, Williams alleged that oral statements he made at a scheduled deposition were covertly recorded by the Firm and then used in a motion to compel his deposition and to obtain sanctions against him, which Judge Carney granted.

2

complaint were frivolous, unreasonable, without foundation, or brought in bad faith. He asserts the district court did not conduct a *de novo* review of the magistrate judge's findings, and the court's order did not provide any specific grounds for sanctions. Finally, he contends he was denied a hearing because of an "inadvertent default," and there was "no testimony nor proof taken of any violation of Rule 11."

We review a district court's imposition of sanctions under Rule 11 for an abuse of discretion. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quotations omitted).

Rule 11 sanctions are warranted when a party files an action that: (1) has no reasonable factual basis; (2) has no reasonable chance of success based on the legal theory used, or that cannot be advanced as a reasonable basis to change existing law; or (3) is filed in bad faith for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). In determining whether to impose sanctions, the district court determines "whether the party's claims are objectively frivolous–in view of the facts or law–and then, if they are, whether the person who

3

signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

The district court did not abuse its discretion by imposing sanctions because the claims that Williams asserted had no reasonable factual or legal basis. *See Anderson*, 353 F.3d at 915. On remand, the magistrate judge examined each of Williams' claims and found that none of the claims was legally tenable, and Williams would have discovered this if he had conducted any research at all. The magistrate judge separated out the three types of claims that Williams alleged–state tort claims, state criminal claims, and federal claims–and considered each separately.

Regarding the state tort claims, the magistrate judge did not abuse his discretion in concluding these claims were precluded by Florida's litigation privilege, which afforded absolute immunity to the Firm for the acts that it took during the deposition because they occurred during a judicial proceeding and were related to the proceeding. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274-75 (11th Cir. 2004) (finding the litigation privilege applied to actions taken in the course of settlement negotiations because they were "inextricably linked" to the ongoing litigation, and stating, "Florida's litigation privilege affords absolute

immunity for acts occurring during the course of judicial proceedings"). Regarding the state law criminal claims, the magistrate judge did not abuse his discretion in finding the Firm did not impermissibly intercept any oral communication because Williams' statements were not made under circumstances justifying an expectation of privacy. *See Stevenson v. State*, 667 So. 2d 410, 412 (Fla. 1st DCA 1996) (finding that men conversing in a public parking lot did not have a reasonable expectation of privacy, and factors used to determine whether an expectation of privacy is justified include the location where the communication occurred, the manner in which it was made, and the kind of communication at issue). Finally, the magistrate judge considered the federal civil rights claims, and did not abuse his discretion in finding that Williams' claims were based upon the same set of facts as the unviable state law criminal claims, and there was no evidence to support the notion that the Firm could be deemed a state actor or that there was state coercion involved. The magistrate judge also did not abuse his discretion in determining Williams could not present a conspiracy claim because he did not allege any agreement among the defendants to violate his constitutional rights.

Under these circumstances, Williams should have been aware his claims were frivolous because a "reasonable inquiry" would have revealed this. *See*

5

*Worldwide Primates*, 87 F.3d at 1254. Accordingly, the court did not abuse its discretion because it determined that: (1) Williams' claims were objectively frivolous in view of the facts and the law; and (2) Williams should have been aware that his claims were frivolous because a reasonable inquiry would have alerted him of this. *See id.*

Contrary to Williams' assertions, the district court stated it had conducted a *de novo* review of the magistrate judge's findings, as well as Williams' objections and the record as a whole, and on remand, the magistrate judge provided–and the district court ratified and supplemented–very detailed and specific grounds for imposing sanctions in this case. Finally, despite Williams' contention he should have been provided with a hearing on the issue of sanctions, he was provided with a hearing, but he did not attend it. Further, there were no contradictory factual issues regarding the conduct of the parties on which the sanctions were based, and the district court did not err in relying on the Firm's affidavits and billing records. *See Mesa Petroleum Comp. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980) (finding no error when a district court used affidavits as a basis for determining

6

reasonable attorneys fees).[2]  Accordingly, the district court did not abuse its

discretion in imposing sanctions.

## II.

Next, Williams contends the district court abused its discretion by awarding

a "grossly excessive amount" of sanctions to the Firm, despite the fact there were

no Rule 11 violations found.  He further alleges the Firm did not support its motion

for sanctions, and it was not entitled to sanctions simply because it prevailed on its

motion to dismiss.

The sanctions that a district court chooses to impose can include "part or all

of the reasonable attorney's fees and other expenses directly resulting from the

violation."  Fed. R. Civ. P. 11(c)(2).  "[T]he starting point in any determination for

an objective estimate of the value of a lawyer's services is to multiply hours

reasonably expended by a reasonable hourly rate."  *Norman v. Housing Auth. of

Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Although the district court

enjoys wide discretion in determining a reasonable fee, "[t]he court's order on

attorney's fees must allow meaningful review–the district court must articulate the

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

decisions it made, give principled reasons for those decisions, and show its calculation." *Id.* at 1304.

The magistrate judge conducted a "meaningful review" during his first review of the Rule 11 motion, which he then incorporated into his R&R on remand, concluding that attorney's fees in the Southern and Middle Districts of Florida typically range from $225-$300 per hour, and in accordance with this range, $160 per hour for one attorney and $140 per hour for a second attorney were reasonable. Further, the magistrate judge determined both attorneys used by the Firm had the "experience and background" to support their respective hourly rates. Regarding the amount of hours expended, the magistrate judge stated he had conducted a careful review of the Firm's time entries, and the number of hours expended was reasonable because the Firm was "forced to defend itself and brief the Court on the complex issues that arose from the filing of the action," and those issues "necessitated extensive research and writing." Moreover, Williams did not submit expert affidavits or other evidence to challenge the amount of hours expended, or the hourly rate charged. Accordingly, because the magistrate judge articulated the decisions that he made, gave principled reasons for those decisions, and showed his calculation, the district court did not abuse its discretion in

determining the amount of attorney's fees and costs. *See Norman*, 836 F.2d at 1299, 1304.

### III.

The district court did not abuse its discretion in awarding reasonable sanctions to the Firm. Williams' claims were objectively frivolous in view of the facts and the law, and a reasonable inquiry would have informed him that his claims were frivolous.[3]

**AFFIRMED.**

---

[3] We do not address the remainder of issues Williams argues on appeal–namely, that he did not have an expectation of privacy in the statements that he made, and the Firm was protected by Florida's litigation privilege–because those issues were decided in Williams' earlier appeal to this court and our earlier decision is the law of the case. *See Flint Elec. Membership Corp. v. Whitworth*, 68 F.3d 1309, 1312 (11th Cir. 1995). Because Williams has not presented new and substantially different evidence, contrary controlling authority has not been rendered, and the earlier ruling was not clearly erroneous, we will not consider these issues again. *See id.*