**Elissa RHINEHART, etc., Plaintiff,**

v.

**The CBE GROUP, INC., Defendant.**

**Case No. 3:09–cv–311–J–25 MCR.**

United States District Court,
M.D. Florida,
Jacksonville Division.

May 27, 2010.

Plaintiff was represented by of Matthew William Kiverts, Michael Agruss and Jeffrey Spiegel of Krohn & Moss, Ltd. and Theodore F. Greene, III of the Law Offices of Theodore F. Greene.

Defendant was represented by David M. Schultz, Stephen Devereux Vernon and Glenn Banner of Hinshaw & Culbertson LLP.

## ORDER

HENRY LEE ADAMS, JR., District Judge.

This Case is before the Court on Defendant's Motion for Summary Judgment (Dkt. 18). Plaintiff has filed a response to the motion and Defendant has filed a reply.

### Background

As a threshold matter, this case is related to *Tucker v. CBE*, Case no.: 3:09–cv–134–25–MCR (*Tucker*). The Court entered Summary Judgment on Defendant's behalf in that case (Dkt. 43) and granted Defendant's request for sanctions based on its finding that Plaintiff's counsel filed a complaint wherein a *majority* of the allegations had *no* basis in fact and then failed to dismiss *any* of the claims based on these allegations until a summary judgment motion was filed.

To streamline this Order, the Court incorporates the standard and analysis contained in the *Tucker* summary judgment order.

To address another threshold issue, it appears that Elissa Rhinehart is not Stacey Tucker's *legal* guardian. Thus, even if Stacey Tucker possessed legally cognizable claims in this case, it appears that Ms. Rhinehart does not have standing to sue on her behalf.[1]

Even if Ms. Rhinehart has standing to sue, the Court notes the serious deficiencies in the Complaint. Specifically, the Court observes that Plaintiff's Complaint is founded on the following allegations:

1. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt;

2. Defendant calls Plaintiff at the following telephone numbers: 904–434–3017, 904–434–0136, 904–379–9848 and 904–607–0716;

3. Defendant disclosed Plaintiffs alleged debt to a third party, Robert Tucker;

4. Defendant constantly and continuously calls Plaintiff and hangs up the phone without leaving a message; and

5. Defendant failed to send Plaintiff a debt validation letter.[2]

However, based on Plaintiff's own deposition testimony, only the third allegation

---

1. Ms. Rhinehart is the only Plaintiff in this case. The Complaint was not filed on behalf of Ms. Tucker *and* Ms. Rhinehart.

2. Plaintiff's complaint in *Rhinehart v. Assett Acceptance, LLC*, Case number 09–cv–310, similarly alleges:
"Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.... Defendant called Plaintiff at the following telephone numbers: 904–434–3017, 904–4340136, 904–379–9848,904–607–0716.... Defendant disclosed Plaintiffs alleged debt to a third party, Robert Tucker ... Defendant

constantly and continuously calls Plaintiff and hangs up the phone without leaving a message ... Defendant failed to send Plaintiff a debt validation letter."
It appears that Plaintiff's attorney has simply repeated boilerplate allegations in certain complaints regarding Stacey Tucker's creditors without properly investigating the charges.
Ms. Rhinehart, evidently, has verified both of her Complaints without properly considering the allegations contained therein.

could possibly be accurate. First, Plaintiff testified that she could not positively identify the owner of *any* of the four telephone numbers listed above. (Elissa Rhinehart Depo. at 41–42). Second, she testified that she did not know whether she received *any* calls from Defendant (Elissa Rhinehart Depo. at 20). Third, Mr. Rhinehart, Plaintiff's husband, testified that the requisite debt validation letter was received. (Robert Rhinehart Depo. at 12). Thus, the only potential claim here involves the allegation that Defendant illegally disclosed Stacey Tucker's debt to a third party, her father, Robert Tucker.

■ As to this claim, as noted in this Court's *Tucker* summary judgment Order, Stacey Tucker lived with Robert Tucker for about 12 months at some point, probably in the last two to three years. Defendant CBE ran a Lexis Nexis Accurint for Collections search (Accurint) to locate a current telephone number for Stacey Tucker and the search produced the same telephone number as that used by Robert Tucker. Therefore, CBE attempted to contact Ms. Tucker at that number.[3]

Based on these facts, the Court finds that the bona fide error defense is available; CBE's error in calling Mr. Tucker was unintentional and occurred despite procedures reasonably adapted to avoid a FDCPA violation. Indeed, the Court notes that a creditor's procedures need not be foolproof. 15 U.S.C. § 1692k(c); see also *Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 538–39 (7th Cir. 2005) (FDCPA does not require debt collectors to take every conceivable precaution to avoid errors, but only requires reasonable procedures).

Because any alleged violation of the FDCPA was unintentional and Defendant has demonstrated that it has reasonable procedures in place to prevent debt disclosures to third parties, Defendant CBE is entitled to summary judgment in the instant case.[4]

■ In addition, the Court finds that Defendant's sanction request is well founded.[5] Not only were the majority of the Complaint's claims utterly unsupported, Plaintiff's own deposition testimony contradicted *most* of the allegations contained

---

3. As noted, those same calls serve as the lone basis for Plaintiff's remaining claims in this case.

4. In *Tucker*, the Court determined the messages left on Mr. Tucker's answering machine clearly identified Stacey Tucker as the intended recipient of the messages and were otherwise factually accurate.

5. As in *Tucker*, the Court finds that sanctions are appropriate under Section 15 U.S.C. 1692k(a)(3) and 28 U.S.C. Section 1927, which provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies* the proceedings in any case *unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct" (emphasis added).

Further, as noted in *Tucker*, Rule 11, Fed. R.Civ.P., requires a plaintiff to certify that "to

the best of [his] knowledge, information, and belief" his or her "factual contentions have evidentiary support." Fed.R.Civ.P. 11(b).

"[T]hree types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has *no reasonable factual basis;* (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir.2003). The standard for testing conduct under Rule 11 is reasonableness under the circumstances. *Id.*

Further, "sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir.2002).

in the Complaint. As in *Tucker*, it appears that Plaintiff's attorney simply produced a boilerplate complaint and Plaintiff verified a complaint which contained spurious claims and erroneous assertions of fact.

Here, the Plaintiff's complaint also includes the unsubstantiated allegation that Defendant called four specific telephone numbers even though Plaintiff could not verify that either she or a family member owned *any* of the numbers.

And as in *Tucker*, Plaintiff's counsel failed to dismiss *any* of the claims when it became clear during discovery that they had no factual basis whatsoever, forcing Defendant to file a summary judgment motion. As stated by the Eleventh Circuit, "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991).

Here, as in *Tucker*, the Court finds that Plaintiff and her attorney multiplied the proceedings in this case unreasonably and vexatiously and exhibited a deliberate indifference to obvious facts.

Accordingly, the Court finds that Defendant is entitled to recover attorneys fees from Plaintiff and her attorney for work done on all of the claims in this case with the exception of the claim under Section 1692b(2) and 1692c(b).

If Defendant is not able to break down its fees in this way, it will be entitled to recover five-sevenths of the reasonable fees incurred to defend this case; five of the seven alleged violations of the FDCPA were wholly without merit.

Lastly, Plaintiff is admonished that it expects her to accurately verify any future

complaints. Plaintiff's counsel is admonished that it expects that allegations in future complaints will be properly vetted prior to the complaint's filing. Accordingly, it is **ORDERED:**

Defendant's Motion for Summary Judgment (Dkt. 18) is **GRANTED;** the clerk is directed to enter judgment in favor of Defendant and against Plaintiff. Defendant may file a properly supported motion for reasonable fees, to be paid by Plaintiff and her counsel, in the next **thirty days.**

**DONE AND ORDERED** in Chambers this *26* day of *May*, 2010.

---

Rule 11 obligations are not measured solely at the time of filing because a party or counsel has a continuing obligation to advise the court of any changes regarding the veracity of information before the court. *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir.1997) (per curiam).