[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15085
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00472-RBD-GJK


HOWARD WALTHER,
DOROTHY B. WALTHER,

                                                            Plaintiffs-Appellants,

PHILLIPS PAUL O'SHAUGHNESSY,

                                                            Interested Party-Appellant,

versus

ROBERT MCINTOSH,
Esq.,
STENSTROM MCINTOSH, ET AL, P.A.,
STEVEN KANE,
Esq.,
KANE & KOLTUN,
Attorneys at Law,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 23, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Dorothy Walther, Howard Walther, and Phillips P. O'Shaughnessy appeal the district court's order imposing sanctions against O'Shaughnessy under Federal Rule of Civil Procedure 11 for his conduct in pursuing a lawsuit in the district court against attorney Robert McIntosh and his law firm. O'Shaughnessy, through local counsel, filed a complaint against McIntosh and his firm, alleging McIntosh's conduct in a state court proceeding breached McIntosh's fiduciary duties as a court appointed co-trustee of the James Walther Revocable Life Insurance Trust (the trust). O'Shaughnessy claimed that McIntosh failed to disclose to the state court that his co-trustee, Patrick Walther, mishandled the trust and physically abused Dorothy, that McIntosh lied to the state court when he reported that Dorothy would not disclose her financial and medical records to him, and that McIntosh conspired with the trustee and the trustee's attorney to institute a guardianship over Dorothy to deprive her of the ability to control her own assets.

2

After the district court granted summary judgment to McIntosh and his firm, the court imposed Rule 11 sanctions against O'Shaughnessy in the amount of $21,708.75. This interlocutory appeal of the district court's Rule 11 order followed.[1] On appeal, O'Shaughnessy argues the district court abused its discretion by imposing sanctions because (1) the case involved an issue of first impression under Florida law regarding whether a trust beneficiary could sue a court appointed trustee, and Rule 11 sanctions are not appropriate to punish an attorney for advancing a legal theory on a question of first impression, (2) the district court failed to resolve all doubts in O'Shaughnessy's favor, and (3) O'Shaughnessy conducted a reasonable investigation under the circumstances. After a thorough review of the record and consideration of the parties' briefs, we affirm.

The district court did not abuse its substantial discretion in imposing Rule 11 sanctions against O'Shaughnessy. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 407 (1990) (holding that courts of appeals should review all aspects of the district court's Rule 11 determination for abuse of discretion and noting that "the district court has broad discretion to impose Rule 11 sanctions"). Sanctions are warranted when a party files a document that (1) has no reasonable factual

---

[1] In addition to suing McIntosh and his law firm, O'Shaughnessy also pursued claims against another attorney and that attorney's law firm for their actions related to the state court proceedings. Although those claims remain pending, we have jurisdiction over the instant appeal under the collateral order doctrine. *See DeSisto Coll., Inc. v. Line*, 888 F.2d 755, 763 (11th Cir. 1989).

basis; (2) is based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) is filed in bad faith or for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003); *see also* Fed. R. Civ. P. 11(b), (c). In addition, Rule 11 imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing," and "the applicable standard is one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991).

Contrary to O'Shaughnessy's arguments, the district court did not sanction him for pursuing an issue of first impression. Instead, the district court acknowledged that prior case law was not directly controlling and that the legal theory O'Shaughnessy advanced was not completely frivolous. The district court considered the tenuous nature of the legal theory simply as a single factor among many in concluding sanctions were warranted. In addition to the tenuous legal basis for the claims, the district court explained that O'Shaughnessy failed to thoroughly investigate the facts before filing the complaint in federal court, stating that his investigation was "wholly insufficient" given the circumstances of the case and numerous indicators that O'Shaughnessy should have done more to investigate the facts of the case. The district court pointed to numerous specific facts and circumstances that should have alerted a reasonable attorney to a need for further

4

investigation, and we cannot say the district court abused its broad discretion by imposing sanctions for O'Shaughnessy's failure to conduct a reasonable investigation that would have demonstrated the frivolity of the factual allegations in the complaint.  *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) ("If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound."); *see also Cooter & Gell*, 496 U.S. at 404 (explaining that determining whether Rule 11 sanctions are warranted involves "fact-intensive, close calls," and that "[t]he district court is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve Rule 11's goal of specific and general deterrence" (internal quotation marks omitted)).[2]

Accordingly, the district court's order imposing Rule 11 sanctions against O'Shaughnessy is **AFFIRMED.**[3]

---

[2] O'Shaughnessy also briefly argues in a footnote in his initial brief that the district court's award of attorney's fees as a sanction amounted to impermissible fee-shifting.  That argument lacks merit, as the Supreme Court has specifically held that Rule 11 sanctions do not amount to fee shifting, *Bus. Guides, Inc.*, 498 U.S. at 551-53, and the text of Rule 11 explicitly authorizes the district court to award reasonable attorney's fees as a sanction, Fed. R. Civ. P. 11(c)(4).

[3] McIntosh's motion for sanctions pursuant to Federal Rule of Appellate Procedure 38 is **DENIED.**